IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:24-CR-00223-ALM-AGD |
| | § | |
| KENNETH WILLIAM BENSON | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Kenneth William Benson's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on April 30, 2025, to determine whether Defendant violated his supervised release. Defendant was represented by Douglas Schopmeyer. The Government was represented by William Tatum.

Defendant was sentenced on December 14, 2023, before The Honorable Scott L. Palk of the Western District of Oklahoma after pleading guilty to the offense of Escape, a Class D felony. This offense carried a statutory maximum imprisonment term of five years. The guideline imprisonment range, based on a total offense level of seven and a criminal history category of VI was 15 to 21 months. Defendant was subsequently sentenced to 15 months imprisonment to run consecutive to his revocation sentence in 4:22-CR-156 in the U.S. District Court for the Eastern District of Texas, followed by three-years supervised release subject to the standard conditions of release, plus special conditions to include reasonable suspicion searches. On August 28, 2024, Defendant completed his period of imprisonment and began service of the supervision term. On October 15, 2024, Defendant's conditions of supervision were modified to include a special condition for substance abuse treatment, including abstaining from the use of alcohol. On October 29, 2024, jurisdiction was transferred from the Western District of Oklahoma to the Eastern

REPORT AND RECOMMENDATION – Page 1

District of Texas and assigned to The Honorable Amos L. Mazzant, III, U.S. District Judge. (Dkt. #5 at p. 1, Sealed).

On March 19, 2025, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision. (Dkt. #2, Sealed). The Petition asserts that Defendant violated four (4) conditions of supervision, as follows: (1) (mandatory) Defendant must refrain from any unlawful use of a controlled substance; (2) (special) Defendant shall participate in a program of substance abuse aftercare at the direction of the probation officer to include urine, breath, or sweat patch testing, and outpatient treatment. Defendant shall actively participate in the treatment program until successfully discharged from the program or until the probation officer has excused Defendant from the program. Defendant shall totally abstain from the use of alcohol and other intoxicants. Defendant shall not frequent bars, clubs, or other establishments where alcohol is the main business. Defendant shall contribute to the cost of services rendered (copayment) in an amount to be determined by the probation officer based on Defendant's ability to pay; (3) (standard) Defendant must follow the instructions of the probation officer related to the conditions of supervision; (4) (special) Any fine or restitution amount that remains unpaid when Defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of Defendant's gross income, to be changed during supervision, if needed, based on Defendant's changed circumstances, pursuant to 18 U.S.C. § 3572(d)(3). (Dkt. #2 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On September 6, 2024, while being supervised in the Western District of Oklahoma, Defendant submitted a urine specimen to U.S. Probation which tested positive for the use of Cannabinoids. On September 19, 2024, Defendant admitted to his supervising U.S. Probation Officer he consumed marijuana (edible) following his release from custody. On December 13, 2024, Defendant submitted a urine

REPORT AND RECOMMENDATION – Page 2

specimen at Texas and Oklahoma Occupational Medicine in Paris, Texas which tested positive for cocaine. The specimen was subsequently confirmed positive for cocaine by Alere Toxicology. On February 18, 2025, Defendant submitted a urine specimen at the U.S. Probation Office in Sherman, Texas which tested positive for methamphetamine. Defendant later admitted by telephone he consumed methamphetamine. The specimen was subsequently confirmed positive for methamphetamine by Alere Toxicology; (2) Defendant failed to report for drug testing at Texas and Oklahoma Occupational Medicine in Paris, Texas on January 3, 2025, February 17, 2025, and March 5 and 7, 2025, as part of the U.S. Probation Office's random drug testing program. Additionally, on January 23, 2025, Defendant was referred for a substance abuse assessment at New Focus Counseling in Paris, Texas. Defendant failed to attend his scheduled treatment evaluation and rescheduled with the treatment provider for January 29, 2025, without the permission of the U.S. Probation Office. Additionally, on January 29, 2025, Defendant failed to attend his scheduled treatment evaluation and rescheduled with the treatment provider for February 3, 2025, without the permission of the U.S. Probation Office. Additionally, on February 3, 2025, Defendant completed his substance abuse evaluation and was referred for twice a month individual substance abuse counseling at New Focus Counseling. Defendant failed to attend his first scheduled session on February 27, 2025. Defendant rescheduled with the provider without the permission of the U.S. Probation Office for March 6, 2025. Additionally, on March 5, 2025, Defendant contacted New Focus Counseling and cancelled his treatment session again without the permission of the U.S. Probation Office. On March 7, 2025, Defendant was terminated from treatment unsuccessfully by New Focus Counseling, citing his noncompliance with services and recent failed urinalysis testing; (3) Defendant has been advised numerous times by his officer Defendant cannot cancel or reschedule treatment appointments without the permission of the U.S.

Probation Office. Defendant cancelled his treatment sessions with New Focus Counseling on February 27 and March 6, 2025, without the permission of the U.S. Probation Office. As such, Defendant failed to follow the instructions of the probation officer; and (4) On October 18, 2024, a payment schedule was executed wherein Defendant agreed to make payments toward his Mandatory Special Assessment ("MSA") of no less than $25 each month, beginning November 1, 2024. Defendant failed to make a payment towards his MSA for the months of December 2024 and January, February, and March 2025. As of this writing, the current outstanding MSA balance is $75. (Dkt. #2 at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations (1)–(4) in the Petition. Having considered the Petition and the plea of true to allegations (1)–(4), the court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twenty (20) months with no term of supervised release to follow.

The court finally recommends that Defendant be housed in the Bureau of Prisons Federal Medical Center in Fort Worth, Texas, if appropriate.

**IT IS SO ORDERED.**

**SIGNED this 30th day of April, 2025.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE